IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATRICIA ELAINE MATHIS                                                    PLAINTIFF

vs.                                   Civil No. 6:10-cv-06040

MICHAEL J. ASTRUE                                                        DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Patricia Elaine Mathis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her applications

for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of

disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

### 1. Background:

Plaintiff protectively filed her disability applications on October 17, 2006.  (Tr. 9, 93-100).

In her applications, Plaintiff alleged she was disabled due to the following: back injuries, degenerative

disc disease, neck problems, and arm problems.  (Tr. 124).  Plaintiff alleged an onset date of

November 10, 2004.  (Tr. 9, 93, 98).  These applications were denied initially and again on

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

reconsideration.  (Tr. 49-52).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted.  (Tr. 49-52).  An administrative hearing was held on March 19, 2009 in Hot Springs, Arkansas.  (Tr. 22-48).  Plaintiff was present and was represented by counsel, Sherri McDonough, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") David Elmore testified at this hearing.  *Id.*  On the date of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained a high school diploma, a Certified Nurse's Aide ("CNA") certificate, and had completed courses at the Hot Springs Rehabilitation Center.  (Tr. 27-29, 45).

On September 16, 2009, the ALJ entered an unfavorable decision denying Plaintiff's disability applications.  (Tr. 9-21).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2012.  (Tr. 11, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of November 10, 2004.  (Tr. 11, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: disorders of the back, sprain or strain; bulging disc; degenerative bone disease; degenerative arthritis; osteoarthritis of both knees; knee sprain; fracture of the lateral tibial plateau; schizoaffective disorder, unspecified; depression; and polysubstance dependence in full sustained remission.  (Tr. 11, Finding 3).  The ALJ, however, also determined Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 ("Listings").  (Tr. 12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-21).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed

2

limitations were not entirely credible.  *Id.*  Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 461.967(a).  Specifically, claimant has the ability to lift-carry and push-pull a maximum of 10 pounds occasionally, with the ability to sit 6 to 8 hours in an 8-hour workday (1-2 hours in a continuous period) and the ability to stand and/or walk a maximum of 2 hours total in an 8-hour workday.  The claimant would also have the ability to perform work where interpersonal contact is routine but superficial; complexity of tasks is learned by experience and several variables; uses judgment within limits; and requires little supervision of routine tasks but detailed supervision for non-routine tasks.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 21, Finding 6).  The VE testified at the administrative hearing regarding this issue.  (Tr. 21, 46).  Specifically, the VE testified that a hypothetical person with Plaintiff's limitations retained the capacity to perform Plaintiff's PRW as a computer indexer.  (Tr. 21, Finding 6).  Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from November 10, 2004 through the date of his decision or through September 16, 2009.  (Tr. 21, Finding 7).

Thereafter, on September 24, 2009, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision.  (Tr. 4-5).  *See* 20 C.F.R. § 404.968.  On April 12, 2010, the Appeals Council declined to review the ALJ's unfavorable disability determination.  (Tr. 1-3).  On May 25, 2010, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on June 21, 2010.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 7, 10.  This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

4

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff argues her case must be reversed and remanded and raises the following three points on appeal: (1) the ALJ erred in evaluating the Listings; (2) the ALJ erred by failing to award her a closed period of disability benefits; and (3) the ALJ erred in assessing her RFC. ECF No. 7 at 1-19. In response, Defendant argues that the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed. ECF No. 10 at 1-13. Because this Court finds the ALJ erred by evaluating whether Plaintiff qualified for a closed period of disability, this Court will only address Plaintiff's second argument for reversal.

Subsequent to the administrative hearing in this matter, Plaintiff underwent surgery on April 6, 2009 for a left lateral tibial plateau fracture. (Tr. 385-400). Plaintiff fractured her left leg after she fell in her shower. (Tr. 389). Upon discharge from surgery, Plaintiff was directed to not bear "any

weight" on her left leg. (Tr. 400). There are no additional medical records included in the transcript that provide a current analysis of Plaintiff's condition. Further, even though Plaintiff's fall and surgery took place after the administrative hearing in this matter, Plaintiff's medical records related to her fall and this surgery were included as a part of the record. (Tr. 385-400).

However, even though these medical records were included in the transcript, the ALJ did not discuss or further develop the record on the impact Plaintiff's surgery had on her RFC. Indeed, the ALJ only stated the following regarding Plaintiff's surgery: "The claimant underwent an open reduction internal fixation (ORIF) of the left tibial plateau fracture at UAMS on April 6, 2009." (Tr. 17). The ALJ also did not discuss the discharge instructions which stated Plaintiff could not bear "any weight," and the ALJ did not order a consultative examination to assess how this accident may have impacted her RFC.

Because it is unclear from the record whether Plaintiff's fall and subsequent surgery to her left leg impacted her RFC, this Court finds this case must be reversed and remanded for further development of the record. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004) (holding that "the ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case") (citation omitted).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of July, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

6